IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-03265-CV-S-MDH |
| | ) |
| ELMER MOSLEY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Government's Petition to Determine Present Mental Condition of an Imprisoned Person. (Doc. 1). The Magistrate Judge prepared a Report and Recommendation recommending that Defendant be committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility pursuant to 18 U.S.C. § 4245. The Report and Recommendation is hereby **ADOPTED** and it is **ORDERED** that Defendant be committed pursuant to § 4245.

The findings of the Report and Recommendation are incorporated herein. Defendant is a convicted prisoner serving multiple sentences of imprisonment, with a projected release date of June 27, 2021. On October 29, 2019, he was transferred to the Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri for evaluation. Attached to the Petition is the July 27, 2020 Psychological Report of Cassandra Simmons, Psy.D., Staff Psychologist at the MCFP. (Doc. 1-2.)

Prior to his transfer to the MCFP, Defendant had "not been compliant with taking his medication for several months." *Id*. at 2. He displayed "poor hygiene as evidenced by not taking showers, urinating and defecating on his floor and milk cartons [and] wearing clothes for several

days in a row." *Id*. at 3. He "also had periods in which he stands in the middle of the floor naked and hides in the corner of his cell in an effort not to be visible to staff." *Id*. He was "emotionally labile," threatening to harm staff and yelling on the range on some days. *Id*. And, he was seen "talking to unseen others, making odd hand movements, and writing disorganized letters to staff due to his mental health decompensation." *Id*.

Shortly after arriving at the MCFP, Defendant began taking antipsychotic and antianxiety medication, but has struggled with compliance. *Id*. at 8. His functioning has improved somewhat, but paranoid behavior persists, evidenced by his flushing items down his toilet and flooding his cell at the direction of Hitler, skipping meals because his food was poisoned, and writing letters wherein he claimed to be the zodiac killer and threatened staff. *Id*. at 8-9. Also, throughout the evaluation period, he endorsed ongoing thoughts of harming others. *Id*. at 9.

Dr. Simmons diagnosed Defendant with Schizophrenia. *Id*. at 11. His psychotic symptoms include visual and auditory hallucinations, i.e. seeing snakes and hearing horns, delusional beliefs, including beliefs that he receives messages from Hitler to harm others and that he gets his water supply from Jupiter, and disorganized behavior and speech, such as flushing objects down the toilet and poor hygiene. *Id*. at 10. Dr. Simmons also found Defendant meets "full criteria for Antisocial Personality Disorder," based on his history of "a pervasive pattern of disregard for and violation of the rights and safety of others." *Id*.

Dr. Simmons opined Defendant's symptoms and resultant behavior "preclude him from being able to function outside of secured housing status on a mental health unit," and concluded that he "presently manifests a severe mental illness, for which he needs custody for care and treatment in a suitable facility." Thus, Dr. Simmons recommended commitment under Section

4245. *Id.* at 11. In response, Defendant formally objected to entering inpatient treatment. (Doc. 1-3.)

On defense counsel's request, Shawna Baron, Psy.D., Licensed Psychologist, attempted to conduct an additional psychological examination of Defendant on November 16, 2020. (Doc. 6.) However, Defendant refused to participate in the evaluation. *Id.* at 2. Based on a review of Defendant's records, Dr. Baron agreed that Defendant suffers from schizophrenia and antisocial personality disorder. *Id.* at 6. Furthermore, based on his "ongoing symptoms that have been impairing in terms of his overall psychological functioning," along with his "poor insight" and "history of noncompliance and decompensation," Dr. Baron concurred that Defendant "does indeed suffer from a serious mental illness that requires inpatient treatment" and recommended civil commitment under Section 4245. *Id.* at 7.

An evidentiary hearing was held via Zoom video teleconferencing on March 2, 2021. (Doc. 11.) Defendant appeared, as did his attorney, David Mercer, and the Government was represented by Shane McCullough. Defendant testified under oath that he does not believe he has a mental illness. (Doc. 12 at 3.) He stated that he is taking medication voluntarily but does not know if it is helpful to him and will only continue to do so if he feels like he needs it. *Id.* at 4. Lastly, he claimed he can "handle" open population, although he "can't make no guarantees." *Id.* at 5.

Defendant, by counsel, excepts to the Report and Recommendation. (Doc. 14). Defendant objects on the ground that the preponderance of the evidence does not establish that Defendant is "presently suffering from a mental disease or defect, the treatment for which he is in need of custody in a suitable facility as required." (Doc. 14, 3) (citing 18 U.S.C. § 4245(d)). This Court disagrees. The expert opinions of Dr. Simmons and Dr. Baron both describe Defendant's mental illness and psychotic symptoms and the resultant disruptive and threatening behaviors, which

persist despite some medication compliance. Further, Defendant's testimony demonstrates his lack of insight as to his mental illness and need for treatment, which hinders his ability to function appropriately in an open environment. Accordingly, this Court concludes by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect, for which he needs care or treatment in a suitable facility.

## CONCLUSION

The Report and Recommendation is adopted over Defendant's objection. It is **ORDERED** that Defendant be committed to the custody of the Attorney General in accordance with 18 U.S.C. § 4245.

**IT IS SO ORDERED.**

Dated: March 23, 2021     　　　　　　　　　　　　*/s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**